FILED - GR
March 20, 2013 3:23 PM
TRACEY CORDES, CLERK
U S DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY _ns_/_____ SCANNED BY ns, 3/20

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

**MARILEE MORIN,**

      Plaintiff,

v.

Civil Action No. _____

**1:13-cv-300**
Janet T. Neff
U.S. District Judge

**ASSET ACCEPTANCE, LLC.;**
**and DOE 1-5**

      Defendant.

_____

## COMPLAINT

### (Jury Trial Demanded)

    1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

1

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in collection efforts against Plaintiff while Plaintiff so resided.

## PARTIES

3. Plaintiff, MARILEE MORIN, is a natural person residing in Grand Rapids, Michigan. Defendant, ASSET ACCEPTANCE, LLC, (hereinafter "Defendant") is a limited liability company believed to maintain its principle place of business at 28405 Van Dyke Ave. in Warren, Michigan. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed. Defendants ASSET ACCEPTANCE, LLC and DOE 1-5 shall be jointly referred to herein as "Defendants".

4. Defendant regularly operates as a third-party debt collector and is a "debt collector" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5. In November of 2011 Defendants began contacting Ms. Morin at her home telephone in an attempt to collect a consumer debt allegedly owed by Ms. Morin.

2

6.  Defendants continued to call Ms. Morin daily, often multiple times per day. Defendants placed up to 5 calls per day. Defendants called Ms. Morin over 40 times between November 1 and November 17, 2011 alone.

7.  Increasingly harassed by Defendants' phone calls, Ms. Morin obtained counsel with Robert Amador of Centennial Law Offices.

8.  On December 7, 2011, Mr. Amador called Defendants. Mr. Amador notified Defendants of his representation of Ms. Morin and provided his contact information.

9.  Despite having actual knowledge that Ms. Morin was represented by counsel, Defendants continued to call Ms. Morin multiple times per day.

10. On December 29, 2011, Mr. Amador called Defendants for a second time. Mr. Amador advised Defendant's of Ms. Morin's FDCPA claim against Defendants and warned that anyone continuing to make calls to Ms. Morin would be sued in their individual capacity.

11. Defendants continued to call Ms. Morin multiple times per day through April, 2012.

## CAUSES OF ACTION

### COUNT I

12. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which was to harass Plaintiff.

## COUNT II

13. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

## COUNT III

14. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(a)(2) by continuing to place calls to Plaintiff despite having actual knowledge that Plaintiff was represented by counsel.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendant for recovery, each count in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,255.00 in legal costs incurred in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

4

## JURY DEMAND

Plaintiff demands a jury trial.

| Date: March 8, 2013 | s/Robert Amador<br>ROBERT AMADOR, ESQ.<br>Attorney for Plaintiff MARILEE MORIN<br>9452 Telephone Rd. 156<br>Ventura, CA. 93004<br>(888)308-1119 ext. 11<br>(888)535-8267 fax<br>R.Amador@centenniallawoffices.com |